CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

SEP 03 2026

LAURA A. AUSTIN, CLERK
BY: K. Campbell
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | |
|---|---|
| **IN THE MATTER OF THE ARREST OF:**<br><br>**GREGORY WHEELER, JR.** | **Case No.** 1:26mj61 |

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Peter Gonzalves, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since August 2016. I am currently assigned to the Bristol, Virginia Field Office. Prior to becoming an ATF Special Agent, I was a Special Agent with the U.S. Department of State, Diplomatic Security Service for approximately six years. I have taken part in numerous federal, state, and local investigations concerning document and identity fraud, financial fraud, cybercrimes, and firearms and controlled substance violations.

2. I am an investigative law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 3051. I am empowered

by law to conduct investigations, seize evidence, and make arrests for violations of criminal statutes of the United States.

3. During my tenure in law enforcement, I have become familiar with the methods and techniques associated with the distribution of controlled substances, the laundering of drug proceeds and the organization of drug conspiracies. In the course of conducting these investigations, I have been involved in the use of the following investigative techniques: interviewing confidential sources and cooperating witnesses; conducting physical surveillance; controlled buys; consensual monitoring and recording of both telephonic and non-telephonic communications; analyzing telephone pen register data; requesting, collecting and analyzing billing records; and conducting court-authorized electronic surveillance. Further, I have participated in the preparation, presentation and execution of numerous search and arrest warrants which have resulted in the recovery of weapons, narcotics, money and documentary evidence indicative of firearms and narcotics and other controlled substance trafficking organizations. Additionally, I have assisted in investigations and arrests leading to convictions for violations of federal and state firearms and controlled substance laws.

4. Through instruction and participation in investigations, I have become familiar with the manner and methods by which narcotics traffickers and perpetrators of violent crimes conduct their illegal business and the language and

terms that are used to disguise conversations about their illegal activities. From experience and training, I have learned, among other things, that in conversations narcotics traffickers and violent criminals believe susceptible to interception, they virtually never expressly refer to the illegal drugs, weapons, or crimes by name; instead to conceal the true nature of their illegal activities and to thwart detection by law enforcement, they refer to the drugs, drug quantities, crimes, and weapons using seemingly innocent terms. I am also aware that violent crime conspiracies are often hatched in advance of the event, and often involve electronic communications between coconspirators and others before and after the crime is perpetrated. These communications often show planning and post-crime discussions.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6. On May 5, 2026, officers with the Bristol, Virginia Police Department (BVPD) received a report of an alleged armed robbery. The victim (hereinafter referred to as V1) reported to BVPD officers Teela IRICK invited V1 to her

residence at 2100 Bradley Street in Bristol, Virginia. The independent city of Bristol is located within the Western District of Virginia.

7. According to V1, IRICK instructed him via Snapchat to go to the covered porch where her car (a black Dodge Charger) is parked. When V1 arrived at the porch, he reported a male ordering him to "get down on the ground." V1 also reported seeing a "red dot" on him. This report is consistent with a visible laser aiming device sometimes used on firearms. At some point during the interaction, the suspect activated a white light on the firearm. At this point, the suspect instructed V1 to empty his pockets. According to V1, the suspect took V1's wallet containing his ID, a couple of lottery tickets and bank cards. The suspect also took the victim's cell phone, cigarettes and a lighter.

8. When asked to describe the weapon, the victim believed it was an "AR-15" and stated it looked like "an assault rifle." V1 also remarked the weapon was equipped with a large magazine. V1 described the suspect as a taller skinny black male wearing a black hoodie, black pants and a "ski mask." V1 also stated he believed the suspect drives a gray Chrysler 300 sedan. When asked about IRICK, V1 stated he never actually saw her at the residence.

9. Later on May 5, 2026, BVPD obtained a state search warrant for 2100 Bradley Street. Upon serving the warrant, WHEELER and IRICK were both present in the lower floor bedroom in the house. A search of the residence uncovered an

Anderson Manufacturing AR-15 style rifle in the lower floor bedroom. The Anderson rifle was equipped with a 40-round magazine, a white light and a laser aiming device, which were consistent with V1's description of the weapon used in the robbery.

10. In the same bedroom as the rifle, investigators located a pair of denim pants with WHEELER's Tennessee driver's license and the key to WHEELER's Chrysler 300 sedan in the pockets. Investigators also located documents indicating WHEELER and IRICK both receive mail at 2100 Bradley Street.

11. BVPD investigators also located an additional firearm, ammunition and suspected controlled substances inside the residence. Laboratory analysis results for the suspected controlled substances are pending.

12. While searching the kitchen of the residence, investigators located a Virginia driver's license and several other documents in the name of a victim of a reported armed robbery occurring in 2024.

13. Investigators conducted a search of WHEELER's Chrysler 300 sedan, which was parked in a small parking lot at 2101 Bradley Street. Investigators located a black hoodie, a black balaclava style face/head covering and V1's wallet containing his Tennessee driver's license.

14. On or about August 12, 2026, I completed a partial review of the data extracted from Teela IRICK's mobile device, which BVPD recovered from 2100

Bradley Street during execution of the state search warrant. Investigators with the BVPD and Virginia State Police (VSP) extracted data from the device pursuant to a state search warrant. The primary phone number associated with the device is 423-367-1693. The Apple ID logged into the phone is iricktn09@gmail.com.

15. I located the following Snapchat messages with an account with username "lokiae96" and the moniker "DaGod_420." These messages correspond with V1's accounting of approximate times and events. Specifically, V1 reported the robbery to BVPD personnel at approximately 02:34 on May 5, 2026. V1 stated to responding officers the robbery happened "about 5 minutes ago." Accordingly, I believe the messages listed in this paragraph are between IRICK and V1. The messages are all marked as deleted. Data recovered from the device regarding this conversation indicated the contact began on May 3, 2026. Because the robbery occurred on May 5, 2026, this indicates previous messages may have been deleted and not captured in this extraction.

- 05/05/26, 02:18 – IRICK – Where you at?
- 05/05/26, 02:18 – V1 – 3 mins away
- 05/05/26, 02:21 – V1 – Here
- 05/05/26, 02:22 – V1 – Where am I going? Back or front?
- 05/05/26, 02:22 – IRICK – Covered porch.
- 05/05/26, 02:22 – IRICK – Right where my car is parked.

16. I located the following text messages with a contact stored as "Biggest Headache" (phone # 423-741-1933).

- 05/05/26, 02:19 – IRICK – He said 3 min away lol
- 05/05/26, 02:21 – WHEELER – [3 laughing emojis]

17. On or about August 12, 2026, I completed a partial review of the data extracted from Gregory WHEELER's mobile device, which BVPD recovered from 2100 Bradley Street during execution of the state search warrant. Investigators with the BVPD and VSP extracted data from the device pursuant to a state search warrant. Two phone numbers were associated with this device, 423-767-0037 and 423-741-1933.

18. I located the following text messages with a contact stored as "Tbone" (phone # 423-673-1693).

- 05/05/26, 02:19 – IRICK – He said 3 min away lol
- 05/05/26, 02:21 – WHEELER – [3 laughing emojis]

19. On August 24, 2026, I reviewed interview footage provided by the BVPD. On or about May 5, 2026, BVPD Captain Steven Crawford and Lieutenant Wendy Brewer conducted an interview with Teela IRICK at BVPD Headquarters. BVPD had just served the above referenced search warrant at IRICK's residence. The interview was audio and video recorded.

20. Lt. Brewer advised IRICK of her Constitutional rights, which she acknowledged by signing a Miranda waiver form. Lt. Brewer advised IRICK of the reported robbery, and that the victim stated he was communicating with IRICK via Snapchat. IRICK denied knowing anything about a robbery or knowing anyone with the name V1. IRICK further stated she was logged into her work computer starting at 9 PM the previous evening. Lt. Brewer asked if WHEELER was at her residence all night. IRICK stated he was. IRICK further stated she was not aware of WHEELER using her phone during the night.

21. Lt. Brewer then asked IRICK if she had problems with anyone lately. IRICK described someone she knows as “Snow” who she has had issues with in the past, but hasn’t seen recently. IRICK then stated she thinks someone may be making a false report of a robbery to get her in trouble. When asked if there were any men she recently had trouble with, IRICK stated she couldn’t think of anyone recently.

22. IRICK then reiterated she clocked into work on her computer at approximately 9 PM the previous evening, and WHEELER arrived shortly thereafter. When confronted with the fact that law enforcement seized her phone and intended to apply for a search warrant, IRICK reiterated she did not know anyone named V1 and had nothing to do with luring anyone to the residence for a robbery. She also stated WHEELER would not bring her into his issues if he had problems with someone else. When asked if she arranged for anyone to visit her the

night of the reported robbery, IRICK stated she spoke with more than one person about visiting her that night. IRICK reiterated she did not speak with anyone she knew as V1 that night.

23. IRICK insisted she has never had conversations with any man on Snapchat about anything other than idle conversation or “smoking.” IRICK also denied anyone else being at her house the previous night. IRICK then posited that someone is likely making the whole story up to negatively impact IRICK. When confronted with the fact that she would likely be charged based on evidence located in the residence, IRICK stated she would like to consult with her attorney. Investigators concluded the interview.

24. I reviewed criminal history database information in reference to Gregory WHEELER. WHEELER’s criminal history shows several prior felony convictions in Tennessee and Virginia, including: (1) a conviction on or about December 2, 2005, in Washington County, Tennessee, for aggravated burglary, with an offense date of on or about August 30, 2003; (2) a conviction or about December 2, 2005, in Washington County, Tennessee, for the sale of less than 0.5 grams of cocaine, with an offense date of on or about July 22, 2004; and (3) a conviction on or about August 25, 2015, in Bristol, Virginia, for distribution of more than one-half ounce but less than five pounds of marijuana, with an offense date of on or about October 1, 2014. In addition to the aforementioned drug offense, WHEELER was

convicted of several additional felonies in Bristol, Virginia on or about August 25, 2015, and he received a total active sentence of three years and six months. As such, WHEELER is prohibited from possessing firearms pursuant to 18 U.S.C. § 922(g)(1).

25. Investigators later measured the barrel of the above referenced Anderson Manufacturing rifle at approximately 9 inches. I reviewed photographs of the markings on the firearm, which indicate the receiver was manufactured in Hebron, Kentucky. As this firearm was recovered in Virginia, based on my training and experience I believe it is reasonable to conclude the firearm traveled in interstate commerce.

26. Based on the above information and my training and experience in criminal investigations, I submit that probable cause exists to conclude Gregory WHEELER knowingly possessed a firearm, which was in and affecting interstate or foreign commerce, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year within the Western District of Virginia in violation of 18 U.S.C. §§ 922(g)(1), 924.

## CONCLUSION

27. Based on the forgoing, I request this Court issue the proposed arrest warrant.

Respectfully submitted,

Special Agent Peter Gonzalves
Bureau of Alcohol, Tobacco, Firearms, and Explosives
United States Department of Justice

Subscribed and sworn on September 3, 2026

HONORABLE JUDGE PAMELA MEADE SARGENT
UNITED STATES MAGISTRATE JUDGE IN THE WESTERN DISTRICT OF VIRGINIA

Reviewed by: Corey Hall, AUSA